IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cr-30077-DWD |
| | ) |
| DAVID REICHERT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In August 2017, Defendant David Reichert plead guilty to a charge of wire fraud in violation of 18 U.S.C. § 1343. In September 2018, the United States District Court for the District of Oregon sentenced Reichert to a term of imprisonment of 13 months and a term of supervised release of three years. He began his term of supervised release on September 16, 2019, and it is set to end on September 15, 2022. Jurisdiction was transferred to this Court on May 28, 2021. (Doc. 1) Before the Court is Reichert's motion for early termination of supervised release. (Doc. 4)

Reichert argues that this Court should grant early termination because he has paid all restitution and fines and has abided by all conditions of supervised release. (Doc. 4 at 1–2) The United States objects to early termination for two reasons. (Doc. 7) First, according to Tiarra Whitt, Reichert's probation officer, Reichert poses a risk to his former girlfriend, A.H. The United States asserts that A.H. filed a police report alleging harassment by Reichert in October 2019. Reichert had two contacts with the police

regarding A.H. in October and November 2019 but did not report these contacts to Whitt, as required by the terms of his supervised release. A.H. later obtained an order of protection against Reichert in state court. A.H. reported to the police that Reichert had been sending her texts, letters, and cards after being told not to contact her. She also reported that he followed her, bought a house down the street from her, contacted her family and friends, and showed up at her place of employment. In January 2020, A.H. reported that Reichert drove by her house on multiple occasions in violation of the order of protection. And in March 2021, A.H. again reported that Reichert was repeatedly driving and jogging past her house.

The United States' second objection concerns Reichert's compliance with a special condition of his release. In October 2020, Reichert admitted to Whitt that he had applied for credit at a furniture store, a violation of his special condition not to incur new credit charges or open new lines of credit.

Motions for early termination of supervised release are governed by 18 U.S.C. § 3583(e)(1), which allows that, after considering the sentencing factors of 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" so long as the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[1]

---

[1] Generally, the Court must hold a hearing before modifying a term of supervised release. Fed. R. Crim. P. 32.1(c). However, Reichert's motion is due to be denied, and the Court will not modify his term of supervised release at this time. Therefore, a hearing is not required. *See United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003).

The sentencing factors weigh against early termination. Specifically, 18 U.S.C. § 3553(a)(2)(C) requires the Court to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." As the United States has shown, Reichert has demonstrated a pattern of harassment toward his former girlfriend, A.H., in violation of orders of protection entered against him in state court. This pattern commenced as soon as he began his term of supervised release and continued into this year. Further, the United States has demonstrated that Reichert violated one of the special conditions of his release by opening a line of credit at a furniture store, a particular concern given the financial nature of his crime. The Court finds that neither Reichert's conduct nor the interests of justice warrant early termination of supervised release at this time.

For these reasons, it is ORDERED that Defendant Reichert's motion for early termination of supervised release (Doc. 4) is **DENIED**.

**SO ORDERED.**

Dated: August 23, 2021

_____
DAVID W. DUGAN
United States District Judge